UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-191-T-36TBM

DEMETRIUS SHARRON DAVIS
_____/

# **O R D E R**

This matter comes before the Court upon the Defendant's Motion to Dismiss Counts 2 and 3 of the Superceding (sic) Indictment (Doc. 62), and the Government's response thereto (Doc. 71). An evidentiary hearing was held on the motion on January 21, 2015, at which Defendant presented the testimony of his father, Donald McLendon. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss.

On May 13, 2014 a grand jury returned an indictment against Defendant, charging him with being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Defendant was scheduled for trial on this charge in October, 2014. Before the trial, a grand jury returned a superseding indictment charging Defendant with two additional counts: Tampering with a Witness, a violation of 18 U.S.C. § 1512(b)(1), and Obstruction of Justice, a violation of 18 U.S.C. § 1503. The charges were based on phone conversations Defendant had, while in custody, with his minor daughter, who is a witness in this case. The Government alleges that the Defendant was attempting to intimidate his daughter and influence her testimony. Defendant seeks dismissal of the new charges, Counts 2 and 3, on the bases of multiplicity and vindictive prosecution.

## *I.  Multiplicity*

> "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Sirang*, 70 F.3d 588, 595 (11th Cir. 1995) (quotation marks omitted). The test for multiplicity is whether each provision requires proof of a fact which the other does not. *See Blockburger v. United States*, 284

> U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). We have held that charges are not multiplicitous where they differ by a single element or fact. *United States v. Costa*, 947 F.2d 919, 926 (11th Cir. 1991).

*United States v. England*, 489 Fed. Appx. 299, 303 (11th Cir. 2012).

At the hearing Defendant acknowledged that, when determining multiplicity, courts look only to the elements of the offenses – not the factual allegations in the indictment. *See United States v. Hassoun,* 476 F.3d 1181, 1186 (11th Cir. 2007). Both the First and Eighth Circuits have held that charges under 18 U.S.C. § 1512(b)(1) and 18 U.S.C § 1503 are not multiplicitous because they require proof of different elements. "Proof of a violation of § 1503 requires proof of the defendant's knowledge of a pending judicial proceeding, which is expressly not an element of a violation of § 1512." *United States v. Risken*, 788 F.2d 1361, 1369 (8th Cir. 1986). Furthermore, "[s]ection 1512(b)(1) requires proof that one intend to 'influence, delay, or prevent . . . testimony of any person' [while] section 1503 does not require such an element." *United States v. LeMoure,* 474 F.3d 37, 43 (1st Cir. 2006).

Defendant contends that the charges are the same because section 1512, tampering with a witness, implicitly requires proof of a pending judicial proceeding. However, Defendant cites no case law to support this implicit requirement, or his argument that such an implicit requirement can support a finding of multiplicity. Moreover, only section 1512(b)(1) requires proof that Davis intended to "influence, delay, or prevent . . . testimony of any person." Thus, the elements of the two charges, whether explicit or implicit, are not the same. Accordingly, Defendant's multiplicity argument fails here.

## II.    *Vindictive Prosecution*

> Generally, if a prosecutor has probable cause to believe that the defendant committed a crime, "the courts have no authority to interfere with a prosecutor's decision to prosecute." However, "[r]eindictment violates due process whenever a prosecutor adds new charges merely to retaliate against the defendant for exercising statutory or constitutional rights."

2

*United States v. Kendrick,* 682 F.3d 974, 981 (11th Cir. 2012) (internal citations omitted).

A presumption of vindictiveness on the part of the government can arise in certain circumstances, such as seeking new charges after a defendant is successful in a post-trial appeal. *See United States v. Barner,* 441 F.3d 1310, 1316 (11th Cir. 2006). However, there is no presumption of vindictiveness when, as here, the charges are added pre-trial. *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982). Thus, to establish vindictiveness, Defendant must prove actual vindictiveness by showing "objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Goodwin*, 457 U.S. at 384.

Defendant alleges that the prosecution added the new charges in retaliation for his refusal to cooperate with government officials by agreeing to testify against a defendant in another case who has been charged with racketeering and murder. At the hearing Defendant's father testified that at the Defendant's arraignment he spoke with the case agent Justin May. Agent May told Defendant's father that he wanted to talk to Defendant, but Defendant wouldn't talk to him. Mr. McLendon then told the agent that Defendant would not talk because his family might get hurt. Then sometime in October, a federal agent called him to tell him that Defendant was going to be charged with tampering with a witness. During that phone call, Defendant's father asked the agent "what do you want with Demetrius?" and the agent responded that he wanted Demetrius Davis to "talk to him." This testimony suggests that even after the Government decided to add Counts 2 and 3 to the indictment, they were still interested in Defendant's cooperation. It does not show actual vindictiveness on the part of the prosecution. *See United States v. Williams*, 47 F.3d 658, 662-63 (4th Cir. 1995) ("A prosecutor's threat to bring a more severe indictment if the defendant refuses to cooperate does not amount to vindictiveness.")

The violations alleged in Counts 2 and 3 of the superseding indictment occurred on October 7, 2014, well after the original indictment was returned by the grand jury on May 13, 2014. *See* Docs. 1 & 37. Thus, the evidence forming the basis for the new charges could have only been discovered later, which objectively rebuts any claim of vindictiveness. *See Goodwin*, 457 U.S. at 381. Defendant's vindictive prosecution argument also fails.

### III. *Suppression of Video*

Defendant moves to suppress from trial all jail videos that show the Defendant wearing prison clothes. The Government has announced that it does not intend to introduce into evidence any jail video recording that shows the Defendant wearing prison clothes. Therefore, this motion is DENIED as moot.

### IV. *Exclusion of Government's 404(b) Evidence*

Defendant moves to exclude from the trial of this cause evidence of other crimes pursuant to Rule 404(b), Fed. R. Evid. Specifically, Defendant seeks to exclude evidence of prior domestic violence between Defendant and Tacarra Wilson and a 2007 photograph of Defendant allegedly holding a weapon. The Government has announced that it does not intend to offer any evidence, in its case-in-chief, involving any prior incidents of domestic violence between Defendant and Tacarra Wilson. Further, the Government is not in possession of a photograph of the Defendant holding a firearm. Therefore, this motion is DENIED as moot.

Accordingly, it is hereby

**ORDERED that** Defendant's Motion to Dismiss Counts 2 and 3 of the Superceding (sic) Indictment (Doc. 62) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on February 4, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any