UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 8:14-cr-191-CEH-JSS

DEMETRIUS SHARRON DAVIS
_____/

## ORDER

This matter comes before the Court on Defendant Demetrius Sharron Davis' request for compassionate release or home confinement due to Covid-19 [Doc. 198] and the United States' Response in Opposition [Doc. 200]. In the motion, Defendant expresses fear for his life due to Covid-19. The Court, having considered the motion and being fully advised in the premises, will **DENY** Defendant's request.

### I.   BACKGROUND

On July 2, 2015, Defendant was sentenced to 120 months' imprisonment for being a felon in possession of a firearm and for obstruction of justice. [Doc. 161 at pp. 1-2]. He was also sentenced to 121 months' imprisonment for witness tampering. *Id.* Defendant is 39 years old. He is located at USP Yazoo City in Yazoo City, Mississippi, and set to be released on December 13, 2022. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed December 6, 2021).

In his motion, Defendant seeks early release and home confinement or compassionate release due to Covid-19. [Doc. 198 at p. 1]. He states that he has seen people get sick and die from the virus and that there is no social distancing due to the

communal nature of the facility. *Id.* He believes that he would qualify for a halfway house as he has done everything asked of him and has twenty months left on his sentence. *Id.* He presents a host of other claims, including that he has been diagnosed as bipolar and that he suffers from schizophrenia. *Id.* at p. 2.

In opposing Defendant's request, the United States notes that Defendant cannot demonstrate that he has exhausted his administrative remedies as his motion does not reflect the submission of a request to the facility and BOP records reflect that a lack of administrative remedy data exists for Defendant. [Doc. 200 at p. 10]. The United States also contends that the request for home confinement must be denied because the Court has no authority to direct the Bureau of Prisons (BOP) to place Defendant on home confinement as such designation decisions are committed solely to the BOP's discretion. *Id.* at p. 5-6. Furthermore, the United States argues that Defendant has not identified a legal basis that could justify relief because COVID-19 is not an extraordinary and compelling reason to grant compassionate release. *Id.* at pp. 7-8. In addition, it contends that Defendant has not demonstrated "extraordinary and compelling reasons" warranting release because the mere existence of the COVID-19 pandemic could not alone provide a basis for a sentence reduction and Defendant has not identified a medical condition that falls within one of the categories specified in the policy statement's application note. *Id.* at pp. 10-15. Lastly, the United States contends that the motion should be denied because Defendant has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. *Id.* at pp. 15-17.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

3

>> person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.  DISCUSSION

Defendant has not carried his burden in this case. First, he has not shown that he has exhausted administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). "[T]he exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). It is not jurisdictional. *Id.* However, a court must enforce the rule if it has been properly raised, as it is in this case. *Id.* at 910-911. As such, the motion is subject to denial due to Defendant's failure to avail himself of available administrative remedies. The motion is also subject to denial on the merits, as discussed below.

Home Confinement

Defendant requests that the Court allow him to serve the remainder of his sentence at home. In general, once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that

sentence.² *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement. Thus, this requested relief is due to be denied.

## Extraordinary and Compelling Reason

Additionally, Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1)

---

² This also addresses Defendant's concern that he was moved from a low custody facility to a penitentiary. His placement is a matter for the determination of the BOP, not the Court.

suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Defendant states that he is bipolar and suffers from schizophrenia. However, he has not demonstrated that either mental condition substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). In fact, he provides no medical records to support his request. Medical documentation is needed in this case to meet the requirements of *Heromin.* 2019 WL 2411311, at *2. The severity of Defendant's conditions cannot be determined without supporting documentation. *Id.*

Family Circumstances

In his motion, Defendant notes that he has not been able to see his children and expresses his desire to be involved in their lives. As discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the

defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Defendant fails to show how his desire to be involved in the lives of his children qualifies as an extraordinary and compelling reason under this provision, and there is no record evidence to demonstrate why this provision should be extended to Defendant's situation.

### Other Compelling Reason

Defendant has specifically requested relief based on Covid-19 and his fear for dying, having observed inmates get sick and die from the virus. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, even coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all

8

provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13). Defendant is therefore not entitled to relief merely due to his fear of dying from Covid-19.

Defendant further raises the inability to socially distance at the facility and that inmates are not provided with the capacity to clean spaces, which the Court construes as a claim about the BOP's managing of the pandemic. The Court notes that at present, only one staff member at USP Yazoo City is COVID-positive. *See* https://www.bop.gov/coronavirus/ (last accessed Dec. 6, 2021). Importantly, no inmate currently has the virus. *Id.* Additionally, only two inmates at the facility have succumbed to the virus and two hundred and fifty inmates have recovered from it. *Id.* The Court therefore rejects this argument too.

## Section 3553(a) Factors

Even if Defendant was able to establish an extraordinary and compelling reason, he has not demonstrated that the Section 3553(a) factors counsel in favor of his release. As the United States points out, the offenses for which Defendant is incarcerated—felon in possession of a firearm, witness tampering, and obstruction of justice—are very serious ones. Additionally, the sentence imposed provides just punishment for the offenses and it is not apparent to the Court that granting the requested relief would promote respect for the law. This provides an additional reason why Defendant's motion is due to be denied.

Accordingly, it is hereby **ORDERED**:

1. Defendant's request for compassionate release or home confinement due to Covid-19 [Doc. 198] is **DENIED**.

2. The Clerk is directed to mail a copy of this Order to Defendant at his current address, USP Yazoo City, 2225 Haley Barbour Pkwy, Yazoo City, Mississippi 39194.

**DONE AND ORDERED** in Tampa, Florida on December 6, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any